**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6800**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMETRIOUS ADONIS MOORE, a/k/a Meechie,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:08-cr-00124-HMH-1; 6:13-cv-01236-HMH)

Submitted:  August 23, 2018                    Decided:  August 28, 2018

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Demetrious Adonis Moore, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrious Adonis Moore seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b)(6) motion seeking relief from its prior order denying his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Moore has not made the requisite showing. Although Moore contended that his Rule 60(b) motion was a "true" Rule 60(b) motion, the motion effectively "attack[ed] the substance of the [district] court's resolution of a [§ 2255] claim on the merits," and thus was the functional equivalent of a successive § 2255 motion. *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (internal quotation marks omitted); *see Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (distinguishing between true Rule 60(b) motion and unauthorized successive habeas corpus petition); *United States v. Winestock*, 340 F.3d 200, 207 (4th

2

Cir. 2003) (same). In the absence of prefiling authorization from this court, the district court lacked jurisdiction to consider a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3) (2012).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*